JACK DURAN, SBN 221704
DURAN LAW OFFICE
4010 Foothills Blvd., S-103, N.98
Roseville, CA 95747
Telephone: (916) 779-3316
Facsimile: (916) 520-3526
duranlaw@yahoo.com

Attorney for Plaintiff:
APRIL JACKSON DIWALD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APRIL JACKSON DIWALD**<br><br>Plaintiff,<br><br>v.<br><br>**JESSICA JACKSON**<br><br>Defendant | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge: |

**PLAINTIFF, APRIL JACKSON DIWALD,** (hereinafter "Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction as this is an action for a declaratory judgment under 28 U.S.C. §2201.

//

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 as it concerns a matter arising from the Constitution, laws or treaties of the United States. In this case, Petitioner contends that the land at issue is not in trust with the United States.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 (b)(1) because both parties are domiciled in the State of California and the property at issue is located within the Northern District of the State of California.

**INTRADISTRICT ASSIGNMENT**

4. This matter is subject to assignment to either San Francisco or Oakland Court Divisions pursuant to Local Rule3-2(c), (d).

**PARTIES**

5. Plaintiff, April Jackson Diwald is a citizen of California and resides in Lake County, California.

6. Defendant, Jessica Jackson, is a citizen of California and resides in Lake County, California.

**GENERAL AVERMENTS**

7. Plaintiff, April Jackson Diwald, is the Court Appointed Administrator for her deceased mother's estate, the Estate of Amerdine Snow McCloud, the probate of which is presently pending before the Lake County Superior Court, as case #PR-500072. (See Ex A, a true and correct copy of Letters of Administration over the Estate of Amerdine Snow McCloud, August 9, 2004, Lake County Superior Court)

8. On April 8, 2013, Plaintiff Diwald petitioned the Lake County Superior Court for a First and Final Account of Report of Administrator and Petition for Settlement; Allowance for Extraordinary and Statutory Fees; Reimbursement for Costs of Attorney and Administrator and for Final Distribution of the Estate.

9. On September 4, 2013, a hearing on Plaintiff's petition was heard by the Court. The hearing on the petition was continued because the Court determined that it lacked jurisdiction in granting Plaintiff's petition because there was a question concerning whether the land at issue in the probate was Indian land, presently in trust with the United States. (See attached Exhibit B, a true and correct copy of the minutes of the probate hearing on September 24, 2013 for Case No. PR-500072, Amerdine Snow McCloud, Lake County Superior Court).

10. Defendant Jackson, contends that the Lake County Superior Court lacks jurisdiction over the Estate because the land is allegedly in trust with the United States. (See Ex. A to Declaration of W. Smith, a true and correct copy of document #98-006477 (Parcel No APN 03-059-04-00).)

11. Plaintiff Diwald, contends that the land is not in federal trust and that the document purportedly conveying the land in trust is null and void under federal law. Further, the land cannot be in trust because it was never properly transferred into trust by the Secretary of the Department of the Interior as required by 25 U.S.C. §349 et seq., and that the Superior Court has jurisdiction over the land because the Estate land remains fee simple.(*Id*).

12. Plaintiff supports her position that the land is fee land with declarations from Wayne R. Smith, a Former Assistant Secretary of the Department of the Interior, Bureau of Indian Affairs and correspondence to Lake County Assessor-Recorder, from Central California Agency, Superintendent, Troy Burdick, a federal officer with jurisdiction over federal lands. Both Mr. Smith and Mr. Burdick have made independent determinations that the land in question is not Indian lands in trust with the United States. (*Id*. and Ex. C to Decl. of W.R. Smith, Correspondence of Troy Burdick, February 16, 2016 to Lake County Assessor-Recorder).

13. Plaintiff requests the federal court issue a declaratory judgment declaring that the land is not federal Indian Trust land, in trust, with the United States and is land presently held in fee simple, subject to the jurisdiction of the Lake County Superior Court.

## CLAIM FOR RELIEF

(Declaratory Relief -28 U.S.C. §2201)

14. Plaintiff incorporates by reference and re-avers each and every paragraph 1-13 above.

15. An actual and substantial controversy exists between Plaintiff and Defendant concerning the status of the land and the proper Court jurisdiction over the land. Defendant contends that the land is in trust and subject to federal court jurisdiction. Plaintiff contends that the land is presently in fee and subject to state court jurisdiction.

16. An actual and substantial controversy exists between the parties concerning their substantive legal rights and duties. Defendant contends that because the land is in trust Plaintiff has no legal right as Administrator of the Estate as issued by the Superior Court. Plaintiff contends that as the land is not in trust, she retains the rights and privileges over the McCloud Estate as ordered by the Lake County Superior Court because the Court has jurisdiction over fee land within the State of California.

17. Therefore declaratory relief is appropriate under 28 U.S.C. §2201 et seq.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for judgment as follows:

(a) For a declaration that the lands at issue are not Indian trust lands, presently held in trust with the United States;

(b) For a declaration that the lands at issue are presently held in fee and subject to the jurisdiction of the Lake County Superior Court;

(c) For an order for all reasonable costs, expenses, attorney's fees incurred as a result of this action;

(d) For costs of suit herein;

(e) For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (b), Plaintiff requests a jury trial of all issues triable of right by a jury.

Dated: March 15, 2016

**DURAN LAW OFFICE**

By: *__/s/ Jack Duran__*

JACK DURAN
duranlaw@yahoo.com
DURAN LAW OFFICE
4010 Foothills Blvd., S-103, N.98
Roseville, CA 95747
(916) 779-3316
(916) 520-3526